## CIRCUIT COURT OF HENRICO COUNTY

Rima Akran Aboulhosen

v.

Dahaeddine Hazah Elawar

March 10, 1988

Case No. 87C397

By JUDGE JOSEPH F. SPINELLA

The Court has reviewed the depositions and the file concerning the granting of an annulment to the Plaintiff. The amended Bill of Complaint seeks the annulment on the grounds that the parties never lived together as husband and wife, and that the marriage was entered into without the intent to live together as husband and wife, and was done as a lark. The only evidence by the Plaintiff to that effect was her statement that "immediately after the wedding he said it was a mistake and that he had acted on a lark, and I went to my house in Henrico without him and he returned to Maryland." The witness, Mr. Elawar, basically made the same statement, but there is no indication that he was present at the wedding or knew anything that occurred between the parties prior to the wedding.

Under § 20-89.1(a), an annulment can be given for fraud or duress. I assume that subparagraphs (b), (c), (d) are not applicable to this case. In order to obtain an annulment under fraud or duress, the evidence must be clear, and there must be satisfactory proof of a preconceived intent to deceive or defraud. The case of *Jacobs v. Jacobs*, 184 Va. 281 (1945), holds

> to justify an annulment of the marriage there
> must be some clear evidence, circumstantial

> or direct, that the appellant did not intend before the marriage or at the time of the marriage to become in truth and fact the wife of the appellee . . . .

In this case there is no direct evidence to that effect. The Court does not feel that the Plaintiff has carried the burden of proving a fraudulent marriage or a marriage entered into as a lark. The evidence is to the effect that the Defendant indicated that it was a lark after the ceremony and not before. Consequently, the Court will not award the Decree of Annulment.